IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-01834-PAB-NRN

STATE REGULATORY REGISTRY, LLC, a Washington, D.C. limited liability company,

      Plaintiff,

v.

BILLY GLENN BARTHOLOMEW, an individual,
MTI SERVICES CORPORATION, a Colorado corporation,
CAREY GREEN, an individual, and
DONALD B. EXLEY,

      Defendants.

---

## ORDER

---

This matter is before the Court on the Joint Motion to Reopen Case for Limited Purpose of Clarifying Agreed Permanent Injunction and Protective Order [Docket No. 165] filed by plaintiff and defendant Billy Glen Bartholomew ("Bartholomew") (collectively "movants"). Movants request that the Court reopen this case to clarify the scope of a permanent injunction and a protective order that were entered in this case. *Id.* at 6-7, ¶¶ 1-3.

## I. BACKGROUND

On July 28, 2017, plaintiff State Regulatory Registry, LLC filed this action against defendants Bartholomew, MTI Services Corporation ("MTI"), and Carey Green ("Green"), bringing claims of copyright infringement, contributory copyright infringement, common law misappropriation of trade secrets, federal misappropriation of trade secrets, breach of contract, and tortious interference with contract. Docket No. 1 at 19-

30, ¶¶ 77-151.  On October 20, 2017, Magistrate Judge Michael J. Watanabe entered a protective order that the parties jointly requested regarding certain confidential documents.  Docket No. 32; Docket No. 33.  On June 12, 2019, plaintiff filed an amended complaint adding defendant Donald B. Exley ("Exley").  Docket No. 132 at 1.

On October 22, 2019, plaintiff filed a stipulation dismissing its claims against MTI and Exley and requesting that the Court enter a permanent injunction binding MTI and Exley pursuant to a settlement agreement.  Docket No. 145 at 1.  On November 5, 2019, the Court ordered the parties to clarify whether the Court would retain jurisdiction over the settlement and permanent injunction.  Docket No. 153.  On November 12, 2019, plaintiff, MTI, and Exley filed a new request for entry of a permanent injunction without reference to the Court retaining jurisdiction over the settlement.  Docket No. 156 at 1.  On November 14, 2019, plaintiff and Green filed a stipulation dismissing all of plaintiff's claims against Green and requesting that the Court enter a permanent injunction binding Green pursuant to a settlement agreement.  Docket No. 157 at 1; Docket No. 157-1 at 6.  On November 18, 2019, plaintiff and Bartholomew filed a stipulation dismissing all of plaintiff's claims against Bartholomew and requesting that the Court enter a permanent injunction binding Bartholomew.  Docket No. 160; Docket No. 160-1 at 1.

On November 20, 2019, the Court entered permanent injunctions against each defendant and dismissed the claims in this case.  Docket Nos. 162, 163, 164.  On April 27, 2022, movants requested that the Court reopen this case and clarify the scope of the Court's protective order and permanent injunction against Bartholomew.  Docket No. 165 at 1.

The parties state that a third party has initiated state administrative proceedings against Bartholomew.  *Id.* at 4.  Bartholomew and the third party wish to use documents in the administrative proceedings that were designated as confidential under the protective order and documents which Bartholomew is enjoined from reproducing or displaying by the permanent injunction that the Court entered against him in 2019.  *Id.* at 5.  Plaintiff does not object to the use of the documents and has provided its written consent to the use of the documents in the proceeding.  *Id*. at 2.  Bartholomew states that he "wishes to avoid any risk of violating this Court's two Orders."  *Id*.  The parties do not seek to modify the permanent injunction, but instead seek to clarify that Bartholomew's use and use by the third party of certain documents does not violate the Court's orders.  *Id.* at 6-7.

## II.  LEGAL STANDARD

Rule 60(b) states that a court may relieve a party from a final judgment under certain limited circumstances.  Fed. R. Civ. P. 60(b).  Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances."  *The Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

Under Rule 60(b)(6), a court may relieve a party or its legal representative from a final judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case."  *Pierce v. Cook & Co., Inc*., 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted).  Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief.  *Cashner v. Freedom Stores, Inc*., 98 F.3d 572, 580 (10th

Cir. 1996).  Courts have granted relief under Rule 60(b)(6) "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable," where a party is indigent, or when it offends justice to deny such relief.  *Id.* at 579.

### III. ANALYSIS

The parties move for clarification of the Court's order pursuant to Rule 60(b)(6), but do not explain why this case is covered by Rule 60 and do not explain why this case falls under the extraordinary circumstances described by Rule 60(b)(6).  *See* Docket No 165 at 1-2, 6-7.  Although the Court "'has substantial discretion in connection with a Rule 60(b) motion'. . . it is an abuse of discretion to grant relief where no basis for that relief exists."  *Cashner*, 98 F.3d at 580 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)).

Movants do not identify why clarification of prior orders constitutes the relief from final judgment contemplated by Rule 60.  Docket No. 165 at 1-2.  Additionally, the parties make no showing of extraordinary circumstances.  *Id.*  The parties state that plaintiff and Bartholomew agree on the application of the Court's prior orders to the present circumstances.  *Id.* at 2.  Bartholomew, however, "wishes to avoid any risk of violating this Court's [] Orders."  *Id.*  The parties have not shown that there is any controversy over the application of the Court's orders that requires the Court's intervention, and the Court will decline to grant relief under Rule 60(b)(6) without a showing that it would offend justice to deny such relief.  Moreover, the Court finds no reason to reopen this case.

Ultimately, however, movants' request for clarification, as opposed to any request for modification of existing orders, does not appear to implicate Rule 60. While it is not clear to the Court why the parties do not possess the ability to remove obligations imposed by the protective order through agreement by the Designating Party, *see* Docket No. 33 at 8, ¶ 19, the Court has nevertheless reviewed the protective order and the permanent injunction order, Docket No. 164, in reference to the joint motion and agrees with the parties that (a) the permanent injunction order does not preclude Bartholomew from reviewing and providing testimony regarding plaintiff's copyrighted SAFE MLO Test questions, his role and participation as a subject matter expert on plaintiff's exam development committees, his involvement in the processes and procedures plaintiff utilized to develop and maintain the SAFE MLO Test, or any other topic relevant to the State Administrative Proceedings; and (b) the protective order, Docket No. 33, does not prohibit either the Colorado Board or Bartholomew from using, reviewing or testifying regarding documents that were designated by plaintiff as "CONFIDENTIAL" pursuant to the terms of this Court's protective order in the state administrative proceedings.

## IV. CONCLUSION

Accordingly, it is

**ORDERED** that the Joint Motion to Reopen Case for Limited Purpose of

Clarifying Agreed Permanent Injunction and Protective Order [Docket No. 165] is

**DENIED**.

DATED March 24, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge